**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DIAGNOSTIC OUTPATIENT
CENTERS, INC.; YOUR PEACE
OF MIND, INC.,**

    **Plaintiffs,**

**v.**                                                    **Case No.  8:04-cv-270-T-30TBM**

**PHILIPS MEDICAL SYSTEMS
(CLEVELAND), INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Compel Production of Documents and for Sanctions, and Incorporated Memorandum of Law** (Doc. 21) and Plaintiff Diagnostic Outpatient Centers, Inc.'s (hereinafter "DOCS") response in opposition (Doc. 26) and **Defendant's Motion for Discovery Sanctions and Incorporated Memorandum of Law** (Doc. 57), Plaintiffs' response in opposition (Doc. 60), and Defendant's reply (Doc. 65). A discovery hearing was conducted on August 3, 2005.[1]

By its motion to compel (Doc. 21), Defendant seeks an Order compelling DOCS to respond to Defendant's First Request to Plaintiff for Production of Documents numbered 5-10, 12, 13, and 15.[2] As grounds, Defendant argues that the documents sought are relevant and

---

[1] The hearing was originally scheduled for July 6, 2005. See (Doc. 52). Upon the request of the Defendant, the court postponed the hearing for approximately a month.

[2] Defendant's motion also sought an extension of the discovery and dispositive motion deadlines. This request was addressed at a hearing conducted on March 18, 2005, and by this court's Amended Case Management and Scheduling Order (Doc. 34).

non-privileged and that DOCS has not asserted any objections to the requests.  DOCS filed a response in opposition (Doc. 26), arguing that all relevant documents have been produced previously or will be produced.

At the August 3, 2005, hearing, counsel for Plaintiffs again asserted that all responsive documents have been produced on behalf of both Plaintiffs.  Upon this representation, the court denies the motion to compel (Doc. 21) as moot.[3]

By its motion for sanctions (Doc. 57), Defendant seeks an Order awarding it fees and costs associated with the deposition of DOCS' corporate representative conducted on March 7-8, 2005, and the instant motion; precluding DOCS or Your Peace of Mind, Inc. (hereinafter "YPOM") from introducing testimony or evidence beyond that already presented; and permitting Defendant to take remedial testimony.  As grounds, Defendant argues that it expended considerable resources in conducting the deposition of DOCS' corporate representative, during which DOCS realized that the Complaint was brought by the wrong company and that the document attached to the Complaint was the wrong contract and irrelevant to the case.  As a result, the deposition was of the wrong corporation, involved hours of examinations to determine the location of the actual contract at issue, could not include inquiry concerning documents and interrogatory responses because of untimely production and service, and was marked by the deponent's inability to answer questions.

By its response in opposition (Doc. 60) and arguments, DOCS contends that Defendant's motion for sanctions essentially reiterates its objections to the amendment of the complaint, which has already been heard and overruled by the court.  While it concedes that

---

[3]Plaintiffs are reminded of their continuing duty to supplement their discovery responses pursuant to Rule 26(e)(2).

interrogatory responses were late and did not occur until after the Rule 30(b)(6) deposition, it contends that it has offered to permit Defendant such additional discovery as is necessary and it urges any setbacks or difficulties to Defendant's discovery effort are the result of Defendant's own inaction and failure to conduct additional discovery. In its reply (Doc. 65), Defendant argues that it does not attempt to relitigate the matter of the amendment of the complaint but instead seeks to shift costs and fees associated with the deposition that led to YPOM's intervention in the case.[4]

Upon consideration, the motion is granted in part and denied in part. Insofar as the motion seeks fees and costs associated with the Rule 30(b)(6) deposition, the motion is denied.[5] To the extent that Defendant seeks to take "remedial" testimony, the motion is

---

[4] A few days after this deposition was conducted, DOCS filed Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 30), to which Defendant objected (Doc. 41). During the pendency of this motion, on March 18, 2005, the undersigned conducted a status conference to address outstanding discovery issues and Plaintiff's Motion to Extend Fact Discovery, Expert Disclosures, and the Expert Discovery Deadline (Doc. 28). See (Doc. 33). An Amended Case Management and Scheduling Order (Doc. 34) was entered. On May 3, 2005, the district judge heard oral arguments on Plaintiff's motion to amend the complaint. Thereafter, the court entered an Order (Doc. 46) granting in part and denying in part Plaintiff's motion. The court allowed YPOM to intervene as a party plaintiff and authorized Plaintiffs to file an Amended Complaint. See id. Plaintiffs filed an Amended Complaint (Doc. 49), and Defendant filed its Answer (Doc. 50) to the Amended Complaint.

[5] DOCS is not blameless in failing to prepare more adequately its Rule 30(b)(6) witness for the deposition. However, contrary to Defendant's contention, it is not clearly established that the deposition was of the wrong party or involved the wrong contract and thus was a complete waste of Defendant's time and money. As Plaintiffs assert, the only contract or agreement relevant in this case appears to be between DOCS and the Defendant, and it is premature for the court to conclude that DOCS is not a proper party Plaintiff in this suit. As further suggested at the hearing, YPOM would designate the same person as its Rule 30(b)(6) witness if pressed to do so. In any event, if defense counsel is correct that the deposition assures that Defendant will prevail as against DOCS, then the deposition was not at all ill-advised. Should Defendant prevail, it may again seek the costs associated with the deposition.

3

granted.  Defendant may conduct such additional discovery as it deems necessary, whether of DOCS or of YPOM, up to and including September 19, 2005.  Plaintiffs are ordered to cooperate fully with regard to such additional discovery.  At present, the court denies without prejudice the Defendant's broad request for an order precluding the Plaintiffs from introducing testimony or evidence beyond that already presented.  The civil rules and case law will dictate what testimony and evidence will be considered on any dispositive motions or at trial, and the matter is better left for such motions or proceedings.

Accordingly, it is **ORDERED** that **Defendant's Motion to Compel Production of Documents and for Sanctions, and Incorporated Memorandum of Law** (Doc. 21) is **DENIED as moot**, and Defendant's request for attorney's fees associated with the motion is **DENIED**.  It is **further ORDERED** that **Defendant's Motion for Discovery Sanctions and Incorporated Memorandum of Law** (Doc. 57) is **GRANTED in part and DENIED in part** as set forth herein.  Defendant's request for oral argument (Doc. 63) is **DENIED as moot**.

**Done and Ordered** in Tampa, Florida, this 4th day of August 2005.

*[signature]*

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record